# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWAYNE WINGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:07CV00572 ERW |
| ST. LOUIS COUNTY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Dwayne Wingo (registration no. 501333), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Additionally, the Court finds that the complaint does not survive initial review under 28 U.S.C. § 1915(e)(2)(B), but the Court will allow plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.11. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are St. Louis County, Robert McCulloch (Prosecuting Attorney), and Unknown Dicandia (Police Officer). Plaintiff seeks monetary relief.

Plaintiff alleges that Dicandia arrested him on December 11, 2005. Plaintiff claims that after the arrest he was held by two unknown detectives and an unknown captain for longer than twenty-four hours without a warrant and without being charged, a violation of Missouri law. Mo. Rev. Stat. § 544.170. According to plaintiff, one of

the unknown detectives falsely reported that a warrant for plaintiff's arrest existed, and this false report was the reason plaintiff was detained for longer than twenty-four hours.

Plaintiff states that the two unknown detectives interrogated him without reading him a Miranda warning. Plaintiff alleges that he asked for an attorney but that the two detectives did not provide him with one and that they continued to interrogate him regardless of his request.

Plaintiff claims that the unknown captain forced him to participate in an identification lineup against his will by threatening to spray mace in plaintiff's face.

Finally, plaintiff alleges that defendant McCulloch applied for a warrant for plaintiff's arrest as a result of the interrogation. Plaintiff claims that McCulloch and an assistant prosecuting attorney maliciously prosecuted him even though they were aware of the allegedly unconstitutional actions of the police officers.

Although plaintiff has not named the two unknown detectives who allegedly interrogated him or the captain he alleges threatened to mace him as defendants, he claims that he intends to add additional defendants to the complaint after he learns their names.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.

1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth any facts indicating that Dicandia was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against Dicandia.

Where a "prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). The complaint contains no allegations that McCulloch was acting outside of his role as advocate for the state. Consequently, the complaint is frivolous as to McCulloch.

To state a claim against a municipality, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County is responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against St. Louis County.

Because plaintiff intends to add additional defendants after he learns their names, the Court finds that it is in the interests of justice to allow plaintiff an opportunity to file

an amended complaint rather than to dismiss the case at this time. If plaintiff wishes to file an amended complaint, he must do so within thirty days of the date of this Order. Plaintiff is warned that an amended complaint replaces the original complaint, and claims that are not realleged will be deemed abandoned. In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial filing fee without good cause shown, this case shall be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within thirty days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty days, this case shall be **DISMISSED** without prejudice.

So Ordered this 2nd Day of April, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE