## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DWAYNE WINGO,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )         No. 4:07CV00572 ERW
                                       )
ST. LOUIS COUNTY, et al.,              )
                                       )
            Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). The Court finds that the complaint fails to state a claim against St. Louis County and should be dismissed as to that defendant. Additionally, the Court finds that the complaint survives initial review as to all other defendants, and the Court shall order the appropriate defendants to respond to the complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, a prisoner at St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are St. Louis County, Tom Goforth (Captain, St. Louis County Justice Center), Leslee Tate (Detective, St. Louis County Police Department), Robert Vogel (same), and Jeffrey Hunnius (same). Plaintiff seeks monetary relief.

Plaintiff alleges that he was arrested by St. Louis County police officers on December 11, 2005. Plaintiff claims that after the arrest he was held by defendants for longer than twenty-four hours without a warrant and without being charged, a violation of Missouri law. Mo. Rev. Stat. § 544.170. According to plaintiff, defendant Tate

falsely reported that a warrant for plaintiff's arrest existed, and this false report was the reason plaintiff was detained for longer than twenty-four hours.

Plaintiff states that defendants Vogel and Hunnius interrogated him without reading him a Miranda warning. Plaintiff alleges that he asked for an attorney but that Vogel and Hunnius refused to provide him with one and that they continued to interrogate him regardless of his request.

Plaintiff claims that defendant Goforth forced him to participate in an identification lineup against his will by threatening to strap plaintiff in a chair and spray mace in his face.

## Discussion

To state a claim against a municipality, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Although plaintiff states that he intends to bring a Monell-type claim, the amended complaint does not contain any allegations that a policy or custom of St. Louis County is responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against St. Louis County.

The complaint survives review as to defendants Goforth, Hunnius, Tate, and Vogel. Therefore, the Court will order these defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Goforth, Hunnius, Tate, and Vogel.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Goforth, Hunnius, Tate, and Vogel shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant St. Louis County because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

So Ordered this 12th Day of June, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1]Defendant Goforth is alleged to be an employee of St. Louis County Justice Center. Defendants Hunnius, Tate, and Vogel are alleged to be police officers for St. Louis County.