UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE J. WINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00572 ERW |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants James Kramer, Leslee Tate, Robert Vogel and Jeffrey Hunnius's Motion to Dismiss [doc. #29].

### I. BACKGROUND AND PROCEDURAL HISTORY

Dwayne J. Wingo ("Plaintiff"), a prisoner at St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff brought the pending action against St. Louis County, James Kramer (Captain, St. Louis County Justice Center), Leslee Tate (Detective, St. Louis County Police Department), Robert Vogel (same) and Jeffrey Hunnius (Same). Plaintiff is seeking monetary relief.

Plaintiff alleges that he was arrested by St. Louis County police officers on December 11, 2005. Plaintiff claims that after the arrest he was held for longer than twenty-four hours without a warrant and without being charged, a violation of Missouri law. *See* Mo. Rev. Stat. § 544.170. According to Plaintiff, Defendant Leslee Tate ("Tate") falsely reported that a warrant for Plaintiff's arrest existed, and this false report was the reason Plaintiff was detained for longer than twenty-four hours. Plaintiff states that Robert Vogel ("Vogel") and Jeffrey Hunnius ("Hunnius") interrogated him without reading him a *Miranda* warning. Plaintiff alleges that he asked for an

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

attorney, but that Vogel and Hunnius refused to provide him with an attorney and continued to interrogate him regardless. Plaintiff also claims that James Kramer ("Kramer") forced him to participate in an identification lineup against his will by threatening to strap him in a chair and spray mace in his face.

On or about January 18, 2006, the St. Louis County Grand Jury returned an indictment against Plaintiff and charged Plaintiff with two counts of robbery, two counts of armed criminal action, and one count of resisting arrest. Plaintiff's state criminal charges are set for trial in the St. Louis County Circuit Court on February 4, 2008.

Plaintiff's claims against Defendant St. Louis County were dismissed on June 12, 2007, pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff failed to state a claim upon which relief could be granted. Defendant filed his Third Amended Complaint on July 19, 2007, against Kramer, Tate, Vogel and Hunnius (collectively, "Defendants"). Defendants filed a Motion to Dismiss on August 30, 2007, and this motion is presently pending before the Court.

**II.     DISCUSSION**

Defendants urge the Court to dismiss Plaintiff's complaint based upon the doctrine of federal abstention established in *Younger v. Harris*. *See Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has created several categories of federal abstention, and *Younger* is concerned with the abstention of federal courts when there is a pending state criminal proceeding. *See id.* The Supreme Court held that "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Id.* at 56.

Plaintiff is not asking the Court to enjoin the state criminal proceeding against him, but rather Plaintiff seeks monetary damages for the constitutional violations he alleges. However,

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

notwithstanding Plaintiff seeking money damages, there is still a barrier to recovery at this time. The Supreme Court has acknowledged that where "a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (*citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

In determining whether abstention is appropriate, the Court must consider whether an award of monetary damages would imply that the state conviction was invalid. *See Sanders v. Fayetteville City Police Dept.*, 160 F. App'x 542, at *1 (8th Cir. 2005). Dismissal of a claim brought under 42 U.S.C. § 1983 is not appropriate where "[i]t is not apparent . . . that success on [Plaintiff's] claim would necessarily imply the invalidity of any state court conviction." *Moore v. Inman*, 210 F. App'x 550, at *1 (*citing Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)).

The Court notes that the failure to conform to the 24- hour requirement enumerated in Mo. Rev. Stat. § 544.170 "does not, of itself, invalidate a conviction." *State v. McKinney*, 498 S.W.2d 768, 771 (Mo. 1973); *State v. Ard*, 11 S.W.3d 820, 827 (Mo. Ct. App. 2000). However, the combination of this claim along with Plaintiff's assertions of *Miranda* violations and his claim that he was coerced into participating in a lineup, would necessary call into question any conviction that results.

If the Court were to award Plaintiff damages for his claims, such ruling would implicate the validity of any conviction that results from the pending state trial. As this suit would call into question the validity of a conviction, it is only appropriate where a plaintiff has "first achieve[d] favorable termination of his available state, or federal habeas" appeals or where a plaintiff is not

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

found guilty in the pending state proceedings. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). As Plaintiff has not yet been tried, abstention is appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James Kramer, Leslee Tate, Robert Vogel and Jeffrey Hunnius's Motion to Dismiss [doc. #29] is **GRANTED.**

Dated this 13th day of December, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com